September 8, 2009

The Honorable Richard R. Hicks III
Caldwell County Criminal District Attorney
Post Office Box 869
Lockhart, Texas 78644

Opinion No. GA-0739

Re: Whether premiums paid for group health insurance by the Caldwell County Employee Benefit Trust are subject to insurance premium taxes under section 222.002 of the Insurance Code (RQ-0787-GA)

Dear Mr. Hicks:

You ask whether "premiums paid for group health insurance by the Caldwell County Employee Benefit Trust (the "Trust") [are] subject to insurance premium taxes under Texas Insurance Code section 222.002."[1] Section 222.002 requires insurers to pay an annual tax on the gross premiums they receive on life, accident, or health insurance policies. *See* TEX. INS. CODE ANN. § 222.002(a)–(b) (Vernon 2009). In determining an insurer's taxable gross premiums, the Legislature has exempted "premiums or revenues paid on group health, accident, and life policies or contracts in which the group covered by the policy or contract consists of a single nonprofit trust established to provide coverage primarily for employees of . . . a municipality, county, or hospital district in this state." *Id.* at § 222.002(c)(5)(A).

The Legislature has expressly authorized commissioners courts to establish a single nonprofit trust to "pay for the group health and related benefits." TEX. LOC. GOV'T CODE ANN. § 157.102 (Vernon 2008). You explain that pursuant to section 157.102, Caldwell County has "created a fund in the form of a single nonprofit trust" and that "[i]n negotiating with the health insurance company . . . for rates for health insurance benefits, the Trust advised the health insurance company that it was not necessary for the Company to pass through the cost of premium taxes" to the Trust because the exemption in subsection 222.002(c)(5)(A) would apply. Request Letter at 1. However, the insurance company separately requested advice from the Texas Comptroller of Public Accounts ("Comptroller") regarding whether the exemption would apply and was informally advised that it would not likely apply in this case. *Id.* at 1–2. You therefore ask us to provide an opinion on whether the Trust qualifies as a single nonprofit trust under subsection 222.002(c)(5)(A) such that an insurance company would not be taxed on premiums the Trust pays for health, accident, and life insurance. *Id.* at 1.

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

The Legislature has directed the Comptroller to "administer and enforce the provisions of [the Insurance Code] and other insurance laws of this state that relate to the administration, collection, and reporting of taxes and certain fees and assessments imposed" thereunder. TEX. INS. CODE ANN. § 201.051(a) (Vernon 2009). Construing the subsection 222.002(c)(5)(A) exemption, the Comptroller's office interprets the phrase "single nonprofit trust" as "requiring a trust established for the single purpose of paying premiums and one that does not inure to the benefit of any individual."[2] In response to the insurance company's inquiry about whether the Trust would qualify for the subsection 222.002(c)(5)(A) exemption, the Comptroller's office concluded that the Trust "does not appear to meet the qualifications necessary to exclude the premiums paid out of this trust from the premium tax base." *See* Request Letter, Attachment C at 2. The Comptroller's office further explained that "[s]ome of the trust's provisions exceed the single purpose necessary to qualify for exemption from the premium tax." *Id.* Specifically, it pointed to provisions that provide errors and omissions coverage for trustees, authorize trustees to acquire and manage property, and make Trust funds available for professional services and judgments or settlements arising out of litigation against the Trust. *Id.*

The Legislature has not defined single nonprofit trust, and we have not found any Texas case law or administrative rules interpreting the phrase. As the Comptroller's office recognizes, "there is no good guidance on how this provision . . . should be interpreted." Comptroller's Brief at 2. It is unclear what the Legislature meant by using the word single to modify the word trust. Single, when used as an adjective, can have multiple meanings, including "unaccompanied by others," or "consisting of or having only one part, feature, or portion." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 1163 (11th ed. 2004); *see* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) (phrases construed according to common usage). Thus, the Legislature may have meant that each municipality, county, and hospital district may create one single trust to pay for the insurance of all employees, or it may have intended for the trust to have one single purpose, providing insurance coverage for employees and their dependents. Although the phrase single nonprofit trust could have multiple meanings, we conclude that the Comptroller's interpretation, requiring that the Trust be used for a single purpose, is a reasonable one.

Whether the Comptroller too narrowly applies that interpretation to mean that Trust funds may be used only for paying premiums is a separate question. While the Legislature made it clear that, in order to receive the premium tax exemption, the trust must be "established to provide coverage primarily for employees," nothing in the statute limits the use of the trust funds solely for paying insurance premiums.[3] TEX. INS. CODE ANN. § 222.002(c)(5) (Vernon 2009). The features of the Trust that the Comptroller challenges are statutorily-recognized powers of a trustee. Chapter

---

[2]Brief from Martin Cherry, General Counsel, Texas Comptroller of Public Accounts, at 3 (Apr. 27, 2009) (on file with the Opinion Committee) [hereinafter "Comptroller's Brief"].

[3]Letters from the Comptroller's office have advised that "[o]ther than the payment of trust fees *and expenses* related to the funding of group benefits for employees and retirees, no other expenses may be paid from such a trust." Comptroller's Brief, Attachment B at 6 (emphasis added). However, those letters have also advised local governments "to make all payments for taxes and administration expenses from outside of the trust." *Id.* at 5.

113, Subchapter A of the Texas Property Code specifically authorizes a trustee to: "purchase insurance of any nature, form, or amount to protect the trust property and the trustee"; "invest and reinvest in property of any character"; "employ attorneys [and other agents] reasonably necessary in the administration of the trust estate"; and "reimburse himself from trust principal or income or partly from both for . . . expenses incurred while administering or protecting the trust." TEX. PROP. CODE ANN. §§ 113.013 (Vernon 2007) (insurance); 113.006 (general authority to manage and invest trust property); 113.018 (employment of agents); 114.063 (general right to reimbursement). While these powers can be revoked by "the instrument creating the trust, a subsequent court order, or another" statute, we find nothing to indicate that the Legislature intended to limit these powers in a trust created under section 222.002. *See id.* § 113.001 (powers of trustee can be limited by trust document, court order, or statute). As long as these powers are used to further the purpose of paying insurance premiums for employees and their dependents, they are not contrary to the limitations placed on a trust created under subsection 222.002(c)(5).

Furthermore, in adopting section 222.002, the Legislature noted that local governments "are exempt from the state sales tax, franchise tax, and motor vehicle tax, and there is no reason they should pay a premium tax on municipal employees' insurance policies." HOUSE STUDY GROUP, BILL ANALYSIS, Tex. H.B. 1785, 67th Leg., R.S. (1981). The Comptroller's narrow application of the phrase single nonprofit trust to include only those trusts solely used to pay insurance premiums is at odds with the Legislature's intent to exempt local governments from payment of the premium tax.[4] *See In re Am. Homestar of Lancaster, Inc.*, 50 S.W.3d 480, 490–91 (Tex. 2001) (orig. proceeding) (courts do not defer to an agency's interpretation of a statute if the interpretation is unreasonable or at odds with the plain language of the statute).

Thus, to the extent that the challenged powers of the Caldwell County Trust are generally recognized powers of a trustee that are necessary to protect and operate the Trust and are used to further the purpose of providing insurance coverage for employees and their dependents, we believe a court would find the Trust complies with subsection 222.002(c)(5)(A) and should be subject to the premium tax exemption.

---

[4]Although the Comptroller's Brief argues that the Legislature's intent in enacting section 222.002 was "to maximize fund assets to pay for certain types of insurance," it does not direct us towards any authority that supports that intent, nor have we been able to find any. *See* Comptroller's Brief at 3.

## S U M M A R Y

Subsection 222.002(c)(5)(A) of the Insurance Code creates a tax exemption for certain premiums paid on group health, accident, and life insurance policies by a single nonprofit trust established to provide coverage for employees of municipalities, counties, or hospital districts. The Legislature has not defined the term single nonprofit trust, and the Comptroller of Public Accounts, as the agency charged with administering and enforcing the premium tax statute, has interpreted the term to mean a trust established for the single purpose of paying insurance premiums. Although the Comptroller's construction of this ambiguous phrase is reasonable, the Comptroller is too narrowly defining single purpose such that the trust can only pay insurance premiums. As long as the trust funds are used to further the purpose of providing insurance coverage for employees and their dependents, their use is not contrary to the limitations placed on a trust created under subsection 222.002(c)(5)(A).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee